IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBERTO RAMIREZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL NO. 2:15-CV-480 |
| § | |
| WELLS FARGO BANK, N.A., *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

BE IT REMEMBERED that on July 8, 2016, the Court **GRANTED** Defendant Wells Fargo, N.A.'s Motion to Dismiss, Dkt. No. 9; **DENIED** Plaintiffs' Motion to Remand, Dkt. No. 10; **GRANTED** Defendant Legare's Motion to Dismiss, Dkt. No. 22; and **DENIED AS MOOT** Defendants' Motion to Stay Discovery, Dkt. No. 23.

### I. Background

On October 27, 2015, Plaintiffs Roberto Ramirez and Angelina Adelia Ramirez ("Plaintiffs") filed an Original Complaint in Kleberg County District Court alleging breach of contract and fraud against Defendants Wells Fargo, N.A. ("Wells Fargo") and Richard Neil Legare[1] ("Legare") and seeking declaratory judgment. Orig. Compl., Dkt. No. 1-5. Plaintiffs state that they acquired twenty-two acres of land, including a one-acre tract with a residence, on August 20, 2008. Dkt. No. 1-5 ¶ 6. After being contacted by Legare, a representative of Wells Fargo, Plaintiffs allege that they relied on Legare's false representations to refinance their mortgage loan on October 10, 2008. *Id.* ¶ 7. Plaintiffs claim that they were intentionally misled by Defendants and did not fully understand the documents that they signed. *Id.* ¶ 8. Upon receiving the initial mortgage payment notice in an amount higher

---

[1] Plaintiffs identify Legare as "Richard Neil Legear." Dkt. No. 1-5 ¶ 7. However, Defendants state the correct name is "Richard Neil Legare." *See* Dkt. No. 1 at 2. The Court therefore refers to "Legare" throughout the order.

than Plaintiffs expected, Plaintiffs allege that they contacted Legare, who informed them they did not read the "fine print." *Id.* In 2009, Plaintiffs made payments under a temporary modified loan agreement. *Id.* ¶¶ 11–12. Plaintiffs allege that Wells Fargo then entered into a "home affordable modification agreement" on January 8, 2010. *Id.* ¶ 13. Plaintiffs state that they timely made mortgage payments through July 2010, when they were informed that the modification agreement was terminated. *Id.* ¶ 14. After receiving a notice for overdue payments on May 4, 2010, Plaintiffs were unable to make payments and filed for Chapter 13 bankruptcy in the Corpus Christi Division of the Southern District of Texas. *Id.* ¶¶ 15–16. Plaintiffs state that the bankruptcy was dismissed without prejudice when a final decree was entered on July 16, 2014. *Id.* ¶ 16.

Plaintiffs seek a declaratory judgment that the January 8, 2010 modification agreement is enforceable. *Id.* ¶ 18. Plaintiffs allege that Wells Fargo breached its contract with Plaintiffs by requiring them to make payments in amounts larger than those set forth in the modification agreement. *Id.* ¶ 19. As to Legare and Wells Fargo, Plaintiffs assert a fraud claim based on the allegedly material and intentionally false statements made by Defendants with respect to the loan agreements. *Id.* ¶ 20. Plaintiffs allege that Defendants' fraudulent conduct caused Plaintiffs' injuries. *Id.*

Defendants removed the instant case to this Court on November 24, 2015. Dkt. No. 1. Shortly thereafter, Wells Fargo filed a motion to dismiss. Dkt. No. 9. Plaintiffs filed a motion to remand, to which Wells Fargo responded. Dkt. Nos. 10, 12. Plaintiffs attempted to file an out-of-time response to Wells Fargo's motion to dismiss, which the Court struck. Dkt. No. 16. After seeking leave, the Court permitted Plaintiffs to respond to Wells Fargo's motion to dismiss after the response deadline had passed. Dkt. No. 21. Legare then filed his motion to dismiss and a motion to stay discovery. Dkt. Nos. 22, 23. Again, Plaintiffs filed an out-of-time response to Legare's motions without first seeking leave. Dkt. Nos. 24, 25. On June 6, 2016, the Court struck the responses and instructed Plaintiffs to file a motion seeking leave to file the responses after the deadline. Dkt. No. 26. Since the

Court's order striking those responses, Plaintiffs have not filed a motion seeking leave to respond.

## II. Legal Standards

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) states that a plaintiff's claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to be sufficient, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In evaluating a plaintiff's complaint in light of a defendant's motion to dismiss under Rule 12(b)(6), a court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court may then determine whether the plaintiff's well-pleaded facts allow the court to infer the plausibility of misconduct. *See id.* "Factual allegations must be enough to raise a right to relief above a speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

### B. Motion to Remand

A civil action may be removed from state court to federal district court if the federal court has either federal question or diversity jurisdiction over the case. 28 U.S.C. § 1441(a) (2012). Federal district courts have diversity jurisdiction over civil cases when the amount in controversy exceeds $75,000.00 and when there is complete diversity of citizenship between the parties. § 1332(a). Removal

jurisdiction should be strictly construed, *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), and ambiguities are resolved against removal, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). "[T]he removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

### III.  Analysis

    A.  Legare's Motion to Dismiss

Legare argues that all claims against him should be dismissed because they are barred by the statute of limitations, judicial estoppel, the economic loss rule, and/or the statute of frauds. Dkt. No. 22 at 3–10. The Court considers Legare's statute of limitations argument first because it is dispositive of the motion. Legare arugues that Plaintiffs' fraud claims are based on representations made in 2008. Dkt. No. 22 at 4. Pointing to the four-year statute of limitations for fraud claims in Texas, Legare argues that Plaintiffs' claims are barred because they failed to file their complaint prior to the expiration of the four-year period. Dkt. No. 22 at 5.

"Under the *Erie* doctrine, federal courts apply the statute of limitations that the forum state would apply." *Huss v. Gayden*, 571 F.3d 442, 450 (5th Cir. 2009). In Texas, a plaintiff must bring suit for fraud not later than four years after the day the cause of action accrues. Tex. Civ. Practice & Rem. Code § 16.004(a). Generally, the statute of limitations for fraud claims does not begin to run until "the fraud is discovered or until it might have been discovered by the exercise of reasonable diligence." *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997).

Plaintiffs only assert a fraud claim against Legare. *See* Orig. Compl., Dkt. No. 1-5 ¶ 20. The underlying factual allegations arise from Legare's communications with Plaintiffs beginning prior to October 10, 2008, when Plaintiffs refinanced their loan. *Id.* ¶ 7. Plaintiffs allege that Legare, a representative of Wells Fargo, offered to refinance the loan such that monthly payments would amount to one-third or less of their monthly income. *Id.* Plaintiffs state that they relied on Legare's allegedly false representations to refinance their loan on October

10, 2008. *Id.* Plaintiffs claim that they were intentionally misled by Defendants and did not fully understand the documents that they signed. *Id.* ¶ 8. Plaintiffs learned of this alleged fraud shortly after refinancing because the initial mortgage payment notice was $1,073.34, an amount higher than what Plaintiffs arranged with Legare. *Id.* ¶ 8. After discovering this discrepancy between what was represented to them and what Plaintiffs allegedly agreed to, Plaintiffs state that they called Legare and were told that they failed to read the "fine print." *Id.* Plaintiffs claim to have had communications with Wells Fargo in 2010 when they enter into a modification agreement, but Plaintiffs do not name Legare nor do they claim that he was involved with these negotiations. *See id.* ¶ 13.

Plaintiffs failed to file a timely response to Legare's motion to dismiss. The Court nonetheless accepts as true Plaintiffs' well-pleaded facts contained in their complaint. The allegedly fraudulent conduct took place in 2008, and Plaintiffs learned of the injury that same year upon receipt of the initial mortgage payment after refinancing. *See* Orig. Compl., Dkt. No. 1-5 ¶¶ 7–8. Based on the four-year statute of limitations, Plaintiffs had to file their claim against Legare by the end of 2012. Although the exact month of receipt of the initial payment was not alleged in the complaint, this information would not alter the analysis because Plaintiffs' original complaint was not filed in state court until October 27, 2015. *See* Dkt. No. 1-5. Thus, Plaintiffs' claim against Legare is barred by the statute of limitations.

The Court therefore **GRANTS** Legare's motion to dismiss.

B.  Motion to Remand

In the Notice of Removal, Wells Fargo states the action is properly removed to this Court under diversity jurisdiction. Dkt. No. 1 ¶ 7. Wells Fargo claims that the consent of Legare is not required for removal of the action because Legare was "fraudulently joined." Dkt. No. 1 ¶ 4 (citing to *Getty Oil Corp. v. Ins. Of North Am.*, 841 F.2d 1254, 1261 (5th Cir. 1988)). In their motion to remand, Plaintiffs argue that the case should be remanded because Legare is a citizen of Texas. Dkt. No. 10. Defendants argue in response that Legare was fraudulently joined. Dkt. No. 12.

Neither party disputes that the amount in controversy requirement is met. *See* 28 U.S.C. § 1332(a).

Having dismissed all claims against Legare, the Court need not analyze whether he was fraudulently joined. The only remaining Defendant, Wells Fargo, is a citizen of South Dakota because its main office is located in South Dakota. Dkt. No. 1 ¶ 12. Plaintiffs are citizens of Texas. Orig. Compl., Dkt. No. 1-5 at 1. The Court therefore has jurisdiction under § 1332(a). Accordingly, the Court **DENIES** Plaintiff's motion to remand.

### C. Wells Fargo's Motion to Dismiss

Alleging that Plaintiffs filed the instant action merely to avoid foreclosure of their property, Wells Fargo argues that Plaintiffs' breach of contract and fraud claims are barred by the statute of limitations. Dkt. No. 9 at 4–5. Wells Fargo also argues that Plaintiffs' claims are barred by judicial estoppel for their failure to disclose the subject property as an asset before the bankruptcy court. Dkt. No. 9 at 5–6. It analyzes the following factors for judicial estoppel: (1) whether the party asserted a legal position that is plainly inconsistent with a prior position; (2) whether a court accepted the prior position; and (3) whether the party acted inadvertently. Dkt. No. 9 at 6–9. Additionally, Plaintiffs' fraud claim against Wells Fargo fails because it is barred by the economic loss rule, as Plaintiffs cannot show any loss independent of the loan. Dkt. No. 9 at 10. Finally, Wells Fargo argues that Plaintiffs are not entitled to declaratory relief because they failed to plead a cognizable claim. Dkt. No. 9 at 11.

In response, Plaintiffs allege that their claims are not barred by the statute of limitations because they did not discover the injuries until after 2012. Dkt. No. 15 at 2. Plaintiffs refer to the statute of limitations under the Deceptive Trade Practices Act ("DTPA"). Dkt. No. 15 at 4. Plaintiffs' complaint, however, does not state a cause of action under the DTPA, so any statute of limitations argument under this statute is not relevant. In addition to the DTPA, Plaintiffs cite to several other statutes that are not relevant here because Plaintiffs did not allege a cause of

action under these statutes. *See* Dkt. No. 15 at 5 (referring to the statute of limitations for conveyance of realty, breach of fiduciary, and debt claims under the Texas Civil Practice and Remedies Code). Regarding Wells Fargo's judicial estoppel defense, Plaintiffs state that they did not list its claim as an asset because they did not know that the July 10, 2010 bank letter was untrue. Dkt. No. 15 at 9. Plaintiffs then allege that Wells Fargo's failure to appear at the bankruptcy court hearing resulted in abandonment of that claim to the debtor. Dkt. No. 15 at 9–10.

1. Breach of Contract

The Court first examines Wells Fargo's statute of limitations argument. For actions with no express limitations period, the action must be commenced no later than four years after the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.051. The Supreme Court of Texas has limited the application of the discovery rule for the statute of limitations of breach of contract claims. *See Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006) ("Some contract breaches may be inherently undiscoverable and objectively verifiable. But those cases should be rare, as diligent contracting parties should generally discover any breach during the relatively long four-year limitations period provided for such claims.").

According to Plaintiffs' complaint, Wells Fargo breached the contract, specifically the January 8, 2010 modification agreement, on May 4, 2010. *See* Orig. Compl., Dkt. No. 1-5 ¶ 15 (claiming that Plaintiffs received a notice dated May 4, 2010 in which they were told they owed overdue payments). Plaintiffs claim that they only knew that Wells Fargo "said certain things to them," but they "did not discover that the Bank's positions were wrongful, unjustified positions until about 2014." Dkt. No. 15 at 2. Notwithstanding Texas court jurisprudence that narrows the discovery rule in breach of contract claims, Plaintiffs' complaint states that they received notice of this alleged breach on May 4, 2010. Dkt. No. 1-5 ¶ 15. Wells Fargo has met its burden to show that Plaintiffs' breach of contract claim is barred by the statute of limitations. Plaintiffs present no argument for tolling the statute of limitations nor do they present evidence to demonstrate a different date of breach

than that alleged in the complaint. Thus, Plaintiffs' breach of contract claim against Wells Fargo is barred by the four-year statute of limitations. The Court **GRANTS** Wells Fargo's Motion to Dismiss Plaintiffs' breach of contract claim.

2. Fraud

Similar to Legare's fraud claim, the Court dismisses the fraud claim against Wells Fargo as barred by the statute of limitations. The underlying factual allegations cited in the complaint in reference to the fraud claim occurred in 2008. Orig. Compl., Dkt. No. 1-5 ¶ 20. Although Plaintiffs claim in the motion to dismiss that they discovered the injury in 2012, this claim relates to their breach of contract claim rather than fraud claim. Dkt. No. 15 at 2. Indeed, in the complaint itself Plaintiffs allege that they became aware of the allegedly fraudulent representations the day they received the initial mortgage payment in 2008 because it was an amount higher than they had agreed. Dkt. No. 1-5 ¶ 7. Plaintiffs filed their original complaint in October 2015 in state court. Dkt. No. 1-5. Plaintiffs' fraud claim against Wells Fargo is thus barred by the four-year statute of limitations.

The Court therefore **GRANTS** Wells Fargo's motion to dismiss as to the fraud claim.

3. Declaratory Judgment

The court examines Plaintiffs' claim for declaratory judgment under the Federal Declaratory Judgment Act because federal courts apply federal procedural law in diversity cases pursuant to the *Erie* doctrine. *See Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (holding that the Texas Declaratory Judgment Act is not substantive law); *see also Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11–cv–02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (converting a declaratory judgment action filed in state court to an action brought under the Federal Declaratory Judgment Act after it was removed based on diversity jurisdiction). "The federal declaratory judgment act is a procedural device that creates no substantive rights." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F.

Supp. 2d 616, 625 (N.D. Tex. 2011). Accordingly, "a plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists." *Reid v. Aransas Cty.*, 805 F. Supp. 2d 322, 339 (S.D. Tex. 2011). A claim for declaratory relief is merely a procedural remedy that allows a party to obtain an early adjudication of an actual controversy "arising under other substantive law." *Id.*

Plaintiffs fail to explain upon what grounds the Court should declare that they are not in default on their mortgage obligations. Plaintiffs state that they "are entitled to a declaratory judgment that the modification agreement is enforceable, restructures the loan in compliance with Texas law, and maintains the terms of the original extension of credit for the 2008 home equity loan." Dkt. No. 1-5 ¶ 18. Having dismissed Plaintiffs' breach of contract and fraud claims, the Court finds that Plaintiffs have failed to state a claim upon which declaratory relief may be granted.

Accordingly, the Court **DENIES** Plaintiffs' request for declaratory judgment.

D. Motion to Stay Discovery

Having disposed of all claims against Legare and Wells Fargo, the Court **DENIES AS MOOT** Defendants' Motion to Stay Discovery.

IV. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Defendant Wells Fargo, N.A.'s Motion to Dismiss, Dkt. No. 9;
- **DENIES** Plaintiffs' Motion to Remand, Dkt. No. 10;
- **GRANTS** Defendant Legare's Motion to Dismiss, Dkt. No. 22; and
- **DENIES AS MOOT** Defendants' Motion to Stay Discovery.

SIGNED this 8th day of July, 2016.

_____
Hilda Tagle
Senior United States District Judge